**BROWER LAW GROUP**
A Professional Corporation
STEVEN BROWER (SBN 93568)
23601 Moulton Parkway, Suite 220
Laguna Hills, CA 92653
Telephone: (949) 668-0825
Email: Steve@BrowerLawGroup.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| CAROL BROWER,<br><br>            Plaintiff,<br><br>      v.<br><br>VOLKSWAGEN GROUP OF<br>AMERICA, INC.,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br>**1) BREACH OF EXPRESS<br>WARRANTY - SONG-<br>BEVERLY ACT 1793.2 (d)**<br>**2) BREACH OF EXPRESS<br>WARRANTY - SONG-<br>BEVERLY ACT 1793.2 (b)**<br>**3) BREACH OF IMPLIED<br>WARRANTY OF<br>MERCHANTABILITY**<br>**4) FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carol Brower ("Plaintiff") hereby alleges and complains as follows:

## GENERAL ALLEGATIONS

### Basis for Jurisdiction

1.     Pursuant to Local Rule 8-1, Plaintiff hereby alleges that this Court has original jurisdiction over this matter, pursuant to 28 U.S.C. § 1332(1), because there is complete diversity of citizenship between Plaintiff and the Defendant and there is more than $75,000 in controversy.

**Parties**

2.     Plaintiff is a California citizen who resides in Laguna Hills, California.

3.     Defendant Volkswagen Group of America, Inc. ("Volkswagen") is a corporation, organized and existing under the laws of the State of New Jersey, with a principal place of business in the State of Virginia.

4.     This Court has personal jurisdiction over Volkswagen because Volkswagen is registered to conduct business in California; has sufficient minimum contacts in California; has its Western Regional Office located in California; and intentionally avails itself of the benefits of doing business in California by virtue of its extensive business dealings and transactions within this state.

**Nature of the Case**

5.     Plaintiff purchased a new 2018 Volkswagen Atlas on December 12, 2017, from Volkswagen of Oakland located in Oakland, California, bearing VIN# 1V2NR2CA1JC539950, for a base purchase price of $52,403.99, with financing charges bringing the total sales price to approximately $61,373.93 ("Subject Vehicle").  At the time of sale, the odometer indicated 120 miles.

6.     Volkswagen manufactured and/or distributed the Subject Vehicle for its eventual sale/lease in the State of California.

7.     Plaintiff purchased the Subject Vehicle for personal, family, and household purposes.

8.     Shortly after taking delivery, the Subject Vehicle began to exhibit a series of defects related to the GPS/Navigation system.  These defects included: (1) Points of Interests would be displayed instead of upcoming navigational directions; (2) the displayed Points of Interest would occasionally block out all of the upcoming navigation directions; (3) the GPS/Navigation system would intermittently rearrange the order of navigational directions, so that at some times the next actual driving maneuver would be displayed at the top of a list of three items, and at other times the next actual driving maneuver would be displayed at the bottom of the list

**Complaint**

of three items; (4) the GPS/Navigation system would occasionally chime and display false traffic warnings, including: "Attention! [location] in both directions vehicle traveling in the wrong direction." even though the warnings did not correspond to actual instances of vehicles traveling against the flow of traffic in the described location.

9.     These GPS/Navigation defects would cause a reasonable driver, and have actually caused the Plaintiff, to be distracted by confusing and false traffic warnings and changes in the display of maneuvers and the display of points of interest which were not maneuvers all of which take the Plaintiff's attention away from the road for more time than if the GPS/Navigation system did not have those defects.

10.     Plaintiff reviewed the materials provided by Volkswagen and determined that there was a customer selectable setting, within the GPS/Navigation System, to turn the display of Points of Interest "on" or "off," indicating that Volkswagen intended to allow the driver of the Subject Vehicle to control this aspect of the display.  Plaintiff confirmed that the GPS/Navigation system on her vehicle was set so that the display of Points of Interest was turned "Off."  However, even with that setting, the GPS/Navigation system in the Subject Vehicle continued to display Points of Interest instead of actual driving maneuvers.

11.     These defects have caused Plaintiff to have several near-accidents due to the extended distraction from road conditions, which extended distraction would not have occurred if the defects were not present.  These defects have also caused Plaintiff to lose confidence in the Subject Vehicle.  The Plaintiff is no longer able to rely on the system to accurately report road hazards.  The false road hazard warnings have cause Plaintiff considerable stress by informing the Plaintiff of dangerous road conditions that do not exist.

12.     These defects have substantially affected the use, value, and safety of the subject vehicle.  Plaintiff is no longer able to rely upon and to use the GPS/Navigation system as intended and has been forced to alter her driving habits to

**Complaint**

compensate for the confusing manner in which maneuvers are listed or are sometimes hidden by Points of Interest.

13.     Plaintiff presented the Subject Vehicle to Volkswagen's authorized repair facilities on multiple occasions and informed them of the defects Plaintiff was experiencing.  Plaintiff has provided Volkswagen's authorized repair facility with photographs, written descriptions, and live demonstrations of the defects.  Service staff of Volkswagen's authorized repair facility, and direct employees of Volkswagen, have confirmed the existence of the defects and stated that they were unable to fix the defects and that no fix was available to remedy the defects.  As a result, while there has been extensive diagnosis and confirmation, Volkswagen has never initiated a repair of the defects.

14.     Plaintiff is informed and believes that Volkswagen's own employees have witnessed the defects in the Subject Vehicle and have been provided written descriptions and photographs of the defects.  Further, Volkswagen's employees have confirmed the presence of these defects on the subject vehicle and have confirmed that Volkswagen is unable or unwilling to fix the defects in the Subject Vehicle.

15.     Plaintiff first presented the Subject Vehicle to Volkswagen's authorized repair facility on April 2, 2018 at 5,098 miles.  Plaintiff presented the vehicle to Norm Reeves Volkswagen Superstore, located in Orange County, California.  On this visit, Plaintiff complained that the navigation system displayed points of interest on the maneuver list, even when the point of interest menu option is turned off.  The authorized repair facility attempted to diagnose and fix the defects but failed to remedy the noted defects.

16.     Plaintiff presented the Subject Vehicle to Volkswagen's authorized repair facility for the second time on April 24, 2018 at 6,122 miles.  Plaintiff presented the vehicle to Norm Reeves Volkswagen Superstore, located in Orange County, California.  On this visit, Plaintiff complained that the navigation system displayed points of interest on the maneuver list, even when the point of interest menu

**Complaint**

option is turned off.  Plaintiff also complained that the navigation system would switch from displaying the next maneuver at the top of the list to displaying the next maneuver on the bottom of the list.  As more fully set forth below, representatives of the authorized repair facility witnessed the defects and were unable to state why they existed and took steps to try and resolve the defects.  However, the authorized repair facility failed to remedy the noted defects.

17.    On April 24, 2018, Volkswagen's authorized repair facility left a voicemail message confirming that dealership employees had taken the vehicle on a test drive and had witnessed the points of interest appear on the maneuver list, despite the fact that the point of interest menu option was turned off.  The voice message further informed Plaintiff that a Volkswagen QTM would come to the facility to diagnose the Subject Vehicle.  Plaintiff is informed and believes that a QTM is an actual employee of Volkswagen who is charged with investigating and diagnosing more difficult problems and then providing advice to the authorized repair facility about possible resolution of the problems.

18.    On April 25, 2018, Volkswagen's authorized repair facility left a voicemail message stating that the QTM had driven the vehicle and had experienced the defect.  However, the representatives of the repair facility stated that they had contacted Volkswagen regarding this issue and that there was no fix for this issue as of April 25, 2018.

19.    On or just before April 26,2018, Plaintiff contacted Volkswagen and requested a buyback of the subject vehicle based on the stated inability of Volkswagen to resolve the defects.

20.    On April 26, 2018, a representative from Volkswagen left a voicemail stating that Volkswagen of America was collecting information to evaluate the buyback request.

21.    On May 2, 2018, Volkswagen sent an email which rejected Plaintiff's buyback request for the Subject Vehicle.

**Complaint**

22. Plaintiff presented the Subject Vehicle to Volkswagen's authorized repair facility for the third time on September 6, 2018 at 10,337 miles. Plaintiff presented the vehicle to Norm Reeves Volkswagen Superstore, located in Orange County, California. On this visit, Plaintiff brought the subject vehicle in for a recall involving a software update and a 10,000 mile service. Although Plaintiff is informed and believes that the defects are in the software in the Subject Vehicle, the software update provided by Volkswagen did not remedy the previously noted defects and no other attempt was made to repair the noted defects.

23. Plaintiff presented the subject vehicle to Volkswagen's authorized repair facility for the fourth time on May 14, 2019 at 19,194 miles. Plaintiff presented the vehicle to Norm Reeves Volkswagen Superstore, located in Orange County, California. On this visit, service staff were again notified that the navigation points of interest display on the maneuver list, even when the point of interest menu option is turned off. Service staff were again notified that the navigation system would switch from displaying the next maneuver at the top of the list to displaying the next maneuver on the bottom of the list. Service staff were also informed that erroneous traffic warnings were being displayed, showing that, as a specified location, a vehicle was driving the wrong direction, in both directions. These traffic reports were incorrect. Service staff were informed and shown a photo of points of interests completely blocking out all future maneuvers on the GPS, even when the point of interest menu item was turned off. A signed letter from Plaintiff was given to Volkswagen's authorized repair facility detailing the specific GPS/Navigation system defects, along with photographs of those defects occurring. The authorized repair facility was asked to attach the signed letter and photographs to the repair record, but the customer copy of the repair record does not have the requested document attached. Service advisor Thomas Brucks was taken on a test drive with the Plaintiff and some of the navigation defects presented themselves and were photographed by Mr. Brucks. However, notwithstanding the letter, the photographs,

**Complaint**

and confirmation by the service advisor the authorized repair facility failed to remedy the noted defects.

24.     Plaintiff presented the Subject Vehicle to VOLKSWAGEN's authorized repair facility for the fifth time on May 22, 2019 at 19,343 miles.  Plaintiff presented the vehicle to Norm Reeves Volkswagen Superstore, located in Orange County, California.   Another copy of the letter from Plaintiff was again given to Volkswagen's authorized repair facility detailing the specific GPS/Navigation system defects, along with photographs of those defects occurring, with direction that these documents should be given to the shop foreman who would be conducting a driving test of the vehicle.  The authorized repair facility stated that the defects experienced by Plaintiff and confirmed by Volkswagen's QTM, including presentation of false traffic warnings, were design characteristics of the Navigation/GPS system.  However, they were unable or unwilling to explain why the Navigation/GPS system has a specific menu selection for turning on or off POIs when the switch is, according to both Volkswagen and their authorized repair facility, non-functional.  Nor were they able to explain how or why the GPS/Navigation system selects certain POI's to display.  Nor were they able to explain how or why the GPS/Navigation system displays false warnings about vehicles traveling in the wrong direction.

25.     The design of the GPS/Navigation software system is, by Volkswagen's admission, intended to: (1) Provide false traffic information including the presence of vehicles at a specific location driving in the wrong direction, in both directions, (2) Present confusing navigational directions which switch order without reason or input from the driver, (3) Present miscellaneous information regarding points of interest, even when the non-functional menu option for points of interest is in the "Off" position, (4) Block out all upcoming navigation maneuvers with points of interest, even when the non-functional menu option for points of interest is in the "Off" position.

**Complaint**

26. Plaintiff is presently unable to confirm or deny that the vehicle was designed to operate in a dangerous manner, which affects the use, value and safety of the vehicle, as set forth in paragraph 25. Plaintiff is informed and believes, and therefore alleges, that Volkswagen may not have intentionally designed the vehicle in such a dangerous manner and that there may be a defect in workmanship or materials in the Subject Vehicle which causes such defects.

27. Plaintiff has presented the Subject Vehicle to Volkswagen's authorized repair facility five times and all of the identified GPS/Navigation defects remain unrepaired.

28. Volkswagen's authorized repair facility has also failed to even begin repairs on any of the specified defects.

29. As set forth in paragraph 19, Plaintiff contacted Volkswagen and requested a buy back after the second visit to an authorized repair facility at which point the defects on the subject vehicle remained unrepaired. Volkswagen denied that buyback request as more fully set forth above.

30. Plaintiff again contacted Volkswagen and requested a buy back after the fifth visit to an authorized repair facility, at which point the defects on the subject vehicle remained unrepaired. Plaintiff additionally provided Volkswagen with a letter detailing the specific defects and photographs showing the defects occurring in the subject vehicle. Volkswagen denied this buyback request by email on June 14, 2019.

## First Claim for Relief

## Song-Beverly Consumer Warranty Act, Civil Code Section 1793.2 (d)

31. Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1-30.

32. The Subject Vehicle is a "consumer good" as defined under the Song-Beverly Consumer Warranty Act.

33.    The Subject Vehicle is a "new motor vehicle" as defined under the Song-Beverly Consumer Warranty Act.

34.    Plaintiff is a "purchaser" of a consumer good as defined under the Song-Beverly Consumer Warranty Act.

35.    Defendant Volkswagen is a "manufacturer" and "distributor" as defined under the Song-Beverly Consumer Warranty Act.

36.    Plaintiff has been damaged by Volkswagen's failure to comply with its obligations pursuant to Civil Code section 1793.2(d).

37.    The sale of the Subject Vehicle was accompanied by an express written warranty.  The New Vehicle Limited Warranty is provided for 6 year or 72,000 miles. This warranty covers any repair to correct a defect in the manufacturer's material or workmanship, except wheel alignment, tire balance, and the repair or replacement of tires.

38.    The Subject Vehicle was delivered to Volkswagen's authorized repair facilities five times for repair opportunities relating to GPS/Navigation defects.  All five of these repair opportunities occurred during the warranty period of the vehicle.

39.    Volkswagen's authorized repair facility did not correct the GPS/Navigation defects, which continue to substantially impair the use, value, and safety of the Subject Vehicle.

40.    Plaintiff has complied with all obligations under the warranty or otherwise has been excused from performance of said obligations.

41.    Because Volkswagen failed to remedy the defects as alleged above, or to issue a refund or replacement, Volkswagen is in breach of its obligations under the Song-Beverly Consumer Warranty Act.

42.    Volkswagen had an affirmative obligation under this section to offer to replace or repurchase the subject vehicle, subject to a calculation under the Song-Beverly Act, which Plaintiff is informed and believes would be approximately $60,000.  At no time has Volkswagen complied with this obligation.

43.     Plaintiff requested a buy back of the subject vehicle twice.   Both requests were denied by Volkswagen.

44.     Defendant's continuing breach of its obligations as set forth herein is willful and as such, Volkswagen is liable to Plaintiff for civil penalties which are two times the price of the vehicle as calculated under the Song-Beverly Act, which penalties would be approximately $120,000, for a total recovery to Plaintiff of approximately $180,000.

45.     Under California Civil Code Sections 1791.1(d) and 1794, Plaintiff is entitled to equitable relief including, at her election, the purchase price of the Subject vehicle, and also seeks and is entitled to her attorney fees and costs.

### Second Claim for Relief

### Song-Beverly Consumer Warranty Act, Civil Code Section 1793.2(b)

46.     Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1-30 and 32-40.

47.     Plaintiff purchased the Subject Vehicle, a consumer good, from Volkswagen.

48.     Volkswagen sold the Subject Vehicle to Plaintiff with the above-mentioned warranty, good for six years or 72,000 miles.

49.     The above-mentioned GPS/Navigation defects are covered under that warranty.

50.     Although Plaintiff presented the subject vehicle to Defendant's representative in this state, Defendant and its representative failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code section 1793.2, subdivision (b).   Plaintiff did not extend the time for completion of repairs beyond the 30-day requirement.

51.     Plaintiff has been damaged by Defendant's failure to comply with its obligations pursuant to Civil Code section 1793.2(b), and therefore brings this Claim for Relief pursuant to Civil Code section 1794.

52.     Plaintiff has rightfully rejected and/or justifiably revoked acceptance of the Subject Vehicle and has exercised a right to cancel the sale.  By serving this Complaint, Plaintiff does so again.  Accordingly, Plaintiff seeks the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.  In the alternative, Plaintiff seeks the remedies set forth in California Civil Code section 1794(b)(2), including the diminution in value of the Vehicle resulting from its defects.  Plaintiff believes that, at the present time, the Vehicle's value is *de minimis*.

53.     Defendant's failure to comply with its obligations under Civil Code section 1793.2(b) was willful, in that Defendant and its representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so.  Accordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code section 1794(c).

### Third Claim for Relief

### Implied Warranty of Merchantability

54.     Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1-30 and 32-40.

55.     Pursuant to Civil Code section 1792, the sale of the Vehicle was accompanied by Defendant's implied warranty of merchantability.  Pursuant to Civil Code section 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

56.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Vehicle will comply with each of the

following requirements:  (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

57.    Within one year of purchase, the Vehicle contained or developed the defects set forth above.  The existence of each of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labelled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

58.    Plaintiff has been damaged by Defendant's failure to comply with its obligations under the implied warranty, and therefore brings this Cause of Action pursuant to Civil Code section 1794.

59.    The previously mentioned defects appear to be the result of faulty programming or defective software.  Therefore, the defects experienced by the Plaintiff were present in the vehicle at the time of sale.

**Fourth Claim for Relief**

**Fraudulent Concealment**

60.    Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations set forth in paragraphs 1-30.

61.    Defendant had exclusive knowledge of material facts not known to Plaintiff.  Through the design, manufacturing, testing, and production of the GPS/Navigation system, Volkswagen was aware of the various defects present in the system.

62.    Volkswagen made partial representations regarding the features, abilities, and characteristics of the GPS/Navigation system.  These representations

were made in various printed materials provided with the vehicle at the time of sale and in online advertisements.  At the time of sale, Volkswagen did not disclose the defects in the GPS/Navigation system.  Volkswagen affirmatively represented, in various materials, that the GPS/Navigation system had an option to turn "off" the display of Points of Interest.

63.    Had the Plaintiff been informed by Volkswagen that the GPS/Navigation system would: (1) display incorrect, confusing, and dangerous traffic warnings regarding vehicles traveling against the flow of traffic, (2) display points of interest on the maneuver list in place of maneuvers even when the point of interest menu selection was turned off, (3) without intervention by the driver, switch the order in which maneuvers were displayed, and (4) completely block out all upcoming maneuvers with points of interest even when the point of interest menu selection was turned off; then the Plaintiff would not have purchased the vehicle. Plaintiff's reliance on Defendant's representations with regard to the subject vehicle was a substantial factor in causing Plaintiff's harm.

64.    This information concealed by Defendant is material to the Plaintiff's decision to purchase the Subject Sehicle.  These defects have caused multiple near accidents due to confusion and distraction from road conditions.  Plaintiff has lost confidence in the ability of the GPS/Navigation system to be used safely and as intended without creating a hazardous condition.

65.    Volkswagen employees have stated that these defects are present on other examples of the 2018 VW Atlas.  Plaintiff was not informed of these defects at or before the time she purchased the Subject Vehicle.  Indeed, when she presented these defects to the authorized repair facility they agreed that the defects existed and until they made direct inquiry of Volkswagen they claimed that they were not aware of these defects in the Subject Vehicle or in any other 2018 VW Atlas.

66.    Volkswagen actively concealed this defect from consumers, and specifically from Plaintiff, by providing contradictory written materials at the time

**Complaint**

of sale.  These materials did not disclose the presence of the abovementioned defects, and states that the POI menu selection is functional.

67.    Defendant intentionally misrepresented that the subject vehicle was not defective and in safe condition, when in fact the subject vehicle was sold with a Navigation/GPS system that Defendant knew to be dangerously defective.

68.    Defendant intended that Plaintiff would rely on the representation that the subject vehicle was free from design defects and in safe condition.  Plaintiff did in fact rely on Defendant's representations in her decision to purchase the subject vehicle.

69.    Defendant additionally deceived Plaintiff by promising that the subject vehicle would conform to the applicable warranties, when Defendant knew that the subject vehicle's defects could not be repaired. Therefore, Defendant had no intention of honoring the applicable warranties that came with the purchase of subject vehicle.

70.    As a direct and proximate result of Defendant's misrepresentations or omissions of material fact, Plaintiff has suffered damages, including actual, consequential, and incidental damages, according to proof.

71.    Plaintiff hereby alleges material facts pertaining to the purchase of the vehicle were misrepresented, and, therefore, Plaintiff is entitled to rescission of the Contract, and restitution in an amount according to proof at hearing.

72.    Defendant's conduct constitutes conduct that is oppressive, fraudulent, or malicious, in that Volkswagen proceeded with a conscious disregard for the rights of Plaintiff and other similarly situated which entitles Plaintiff to punitive damages under Civil Code Section 3294.

**Prayer for Relief**

WHEREFORE, CAROL BROWER prays for judgment against VOLKSWAGEN as set forth below:

On the First Claim for Relief for Breach Civil Code Section 1793.2(d):

1.    For Plaintiff's actual, incidental, and consequential damages according to proof, which Plaintiff alleges to be approximately $60,000; and

2.    For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e), which Plaintiff alleges to be approximately $120,000; and

3.    For attorney's fees, interest and costs of suit incurred herein;

On the Second Claim for Relief for Breach of Civil Code Section 1793.2(b):

1.    For actual, incidental, and consequential damages according to proof; and

2.    For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e); and

3.    For attorney's fees, interest and costs of suit incurred herein;

On the Third Claim for Relief for Breach of Civil Code Section 1794

1.    For actual, incidental, and consequential damages according to proof; and

2.    For a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1794, subdivision (c) or (e); and

3.    For attorney's fees, interest and costs of suit incurred herein;

On the Fourth Claim for Relief for Fraud:

1.    For actual, incidental, and consequential damages according to proof; and

2.    For attorney's fees, interest and costs of suit incurred herein;

On All Claims for Relief:

1.    For the costs of suit incurred herein;

2.    For prejudgment interest as provided by law; and

3.    For such other and further relief as the Court may deem just and proper

DATED:  July 4, 2019

BROWER LAW GROUP
A Professional Corporation


By:  /s/ Steven Brower
                STEVEN BROWER
                Attorneys for Plaintiff


## **DEMAND FOR JURY TRIAL**

Plaintiff CAROL BROWER hereby demands trial by jury as to each and every issue as to which she is so entitled.


DATED:  July 4, 2019

BROWER LAW GROUP
A Professional Corporation


By:  /s/ Steven Brower
                STEVEN BROWER
                Attorneys for Plaintiff